# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| KEVIN CHRISTOPHER COX, | CIVIL NO. 6:07cv _OO03 8_ |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION and ORDER |
| LYNCHBURG READY MIX, INC., ET AL, | |
| *Defendant* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit filed September 11, 2007. I granted Plaintiff's Application to Proceed Without Prepayment of Fees pursuant to 28 U.S.C. § 1915, but, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), I am required to review Plaintiff's Complaint to determine whether it should be dismissed for failure to state a claim upon which relief can be granted. Because Plaintiff's complaint – which seeks redress under Equal Employment Opportunities Act, 42 U.S.C. § 2000e *et seq.* – does not state a claim under Title VII, I must dismiss Plaintiff's complaint.

## I. STANDARD OF REVIEW

The standard under § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted is the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## II. DISCUSSION

Plaintiff's complaint fails to state a cognizable claim under Title VII of the Equal Employment Opportunities Act. Title VII forbids employment discrimination on the basis of

- 1 -

race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2. Plaintiff has not asserted a claim arising under any of these categories. Rather he alleges that he was fired from his position as a truck driver because he sought worker's compensation for a work related injury. Termination of employment based on the filing of worker's compensation is a valid claim in state court, but federal courts lack subject matter jurisdiction to hear such a claim.

Plaintiff's suit is also time barred, having been filed more then 90 days after the EEOC right to sue letter was received. An employment discrimination suit under Title VII must be filed within ninety days of Plaintiff's receipt of a right to sue letter from the EEOC. 42 U.S.C. §2000e-5(f)(1). Failure to bring suit within the prescribed ninety day limit is grounds for dismissal. *See, e.g., Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). Plaintiff's right to sue letter was mailed February 1, 2007. Plaintiff did not file his Application to Proceed in Forma Pauperis until September 11, 2007, far in excess of the ninety day filing requirement. As a result, Plaintiff's Complaint fails to state a claim upon which relief can be granted. *Williams v. Sears, Roebuck and Co.*, 143 F.Supp.2d 941 (W.D. Tenn. 2001).

## III. CONCLUSION

Plaintiff's Complaint fails to state a claim that can be heard in federal court and is time barred. For the reasons stated:

(1) Plaintiff's complaint is hereby DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _Norman K. Moon_
United States District Judge

_October 2, 2007_
Date

Case 6:07-cv-00038-NKM   Document 4   Filed 10/02/07   Page 3 of 3   Pageid#: 27